**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT of TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **VERONICA HERNANDEZ-CHIRINOS,** | § | |
| | § | |
| **Petitioner** | § | |
| | § | |
| **v.** | § | **Civil Action** |
| | § | **No. SA-11-CA-472-XR** |
| **JANET NAPOLITANO, Secretary of Dept.** | § | |
| of Homeland Security, | § | |
| **ALEJANDRO MAYORKAS, Director of** | § | |
| Citizenship and Immigration Services, | § | |
| Dept. of Homeland Security, | § | |
| **ANGELA BARROWS, Acting Director of** | § | |
| Texas Service Center, Citizenship and | § | |
| Immigration Services, Dept. of | § | |
| Homeland Security, | § | |
| | § | |
| **Respondents** | § | |

**ORDER**

Before the Court is Petitioner Veronica Hernandez-Chirinos's habeas corpus petition. Petitioner maintains she is in the custody of the United States Citizenship and Immigration Services ("USCIS"), although not physically confined. Petitioner alleges the following. She is in removal proceedings under file number A097-541-801. Petitioner filed an application for asylum on April 5, 2006. The Immigration Court denied her requests for asylum and withholding of removal, but the Board of Immigration Appeals vacated the denial and remanded her case for a new decision. Petitioner's case is set for a master calendar hearing on May 13, 2013. On or about January 31, 2007, Petitioner, through counsel, filed an I-765 application for employment authorization, which was approved by USCIS on or about August 30, 2007. Petitioner filed an I-765 application seeking a renewal of her employment authorization on or about August 22, 2008, and the application was approved on or about September 29, 2008. In late 2009, Petitioner again filed an I-765 application seeking renewal of her employment authorization, which was approved in November 2009. On or

about October 24, 2010, Petitioner filed another I-765 application seeking another renewal of her

employment authorization. This time, however, Respondent Angela Barrows denied the application,

explaining in a letter dated April 18, 2011:

> A review of your file and USCIS records indicate you filed an Application for Asylum
> and Withholding of Removal (Form I-589) pursuant to 8 C.F.R. § 208 on June 15,
> 2006. Since only 0 days had elapsed (which is less than 180 days), you are not eligible
> for employment authorization.

Based on Petitioner's fact allegations, the basis for denial set out in the letter is not clear. Although

"no employment authorization shall be issued to an asylum applicant prior to the expiration of the

180-day period following the filing of the asylum application," 8 C.F.R. 208.7(a)(1), it is not clear how

that regulation affects Petitioner's I-765 application she claims was submitted in October 2010.

Petitioner's employment was terminated because her work authorization was not renewed.

Petitioner further alleges her attorney attempted several times to communicate with

Respondents' agents at the USCIS Texas Service Center. However, Respondents agents have refused

to communicate with Petitioner's counsel citing the absence in their system of any notice of appearance

of counsel, despite the submission of several duplicate notices of appearance by Petitioner's counsel.

Petitioner states her attorney contacted the United States Attorney's office on or about April 27, 2011,

and her counsel was told the matter would be looked into, but Petitioner's counsel has heard nothing

further from the U.S. Attorney's office.[1]

Petitioner maintains this Court has jurisdiction under 28 U.S.C. §§ 2241 (habeas corpus), 1331

(federal question), and 2201 et seq. (Declaratory Judgment Act), with 5 U.S.C. § 702 et seq.

---

[1] It is not clear whether Petitioner has been denied employment authorization through an intended decision of denial or, in light of the letter Petitioner asserts she received, through a clerical error. The U.S. Attorney's office, representative of USCIS Texas Service Center and Petitioner's counsel are encouraged to promptly confer for the purpose of ensuring that USCIS Texas Service Center is aware Petitioner's counsel is representing Petitioner and formally notified of same.

(Administrative Protective Act).  Petitioner argues Respondents' refusal to renew her employment authorization was arbitrary, capricious, and abuse of discretion, and not in accordance with law. Petitioner seeks a writ of habeas corpus, and she seeks declaratory and injunctive relief declaring Petitioner to be entitled by law to employment authorization during her removal proceedings and during the pendency of any administrative or judicial review thereof, and Petitioner asks this Court to order Respondents to issue employment authorization.

Petitioner argues that her claims are not barred by 8 U.S.C. § 1252(a)(2)(B)(ii), which provides:

B) Denials of discretionary relief

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D) [regarding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals], and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--

\*     \*     \*

(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

Petitioner points out the Supreme Court has held that the proscription of review set out in § 1252(a)(2)(B)(ii) applies to determinations of the Attorney General or Secretary of Homeland Security that are made discretionary by a statute within Title 8, Chapter 12, Subchapter II of the United States Code, codified at 8 U.S.C. §§ 1151-1381, and not to determinations that are made discretionary only by the Attorney General's regulatory declaration to that effect. *Kucana v. Holder*, 130 S. Ct. 827, 831, 832 n.3 (2010).  Petitioner states the decision to grant or deny employment authorization is not made discretionary by statute, so the matter is subject to judicial review.

However, § 1158(d)(2) provides:

An applicant for asylum is not entitled to employment authorization, but such authorization may be provided under regulation by the Attorney General. An applicant who is not otherwise eligible for employment shall not be granted such authorization prior to 180 days after the date of filing of the application for asylum.

In *Kucana*, the Supreme Court gave an example of a decision of the Attorney General that might be discretionary by statute.

Congress excepted from § 1252(a)(2)(B)(ii) "the granting of relief under [§ ]1158(a)." Section 1158 concerns applications for asylum. Absent the exception, asylum applicants might fall within § 1252(a)(2)(B)(ii)'s jurisdictional bar because a statutory provision, § 1158(b)(1)(A), specifies that "the Attorney General *may* grant asylum." (Emphasis added.) *See Zadvydas v. Davis*, 533 U.S. 678, 697, 121 S. Ct. 2491, 150 L. Ed.2d 653 (2001) ("'may' suggests discretion").

*Kucana v. Holder*, 130 S. Ct. at 836 n.13.

Similarly, it appears § 1158(d)(2), which is within Title 8, Chapter 12, Subchapter II and thus falls within the paramaters of § 1252(a)(2)(B)(ii), might specify discretionary authority of the Attorney General to decide whether an applicant for asylum, such as Petitioner, is to be provided employment authorization. If so, then Petitioner's claims would appear to be barred by § 1252(a)(2)(B)(ii).

**The Court directs the Clerk of Court to serve Respondents with a copy of the petition and directs Respondents to file an answer or other responsive pleading and to address whether jurisdiction is barred by § 1252(a)(2)(B)(ii) and § 1158(d)(2). The Court also directs Petitioner to address whether jurisdiction is barred by § 1252(a)(2)(B)(ii) and § 1158(d)(2). The parties are encouraged to meet and confer for the purpose of attempting to resolve this matter voluntarily and if successful promptly advise the Court.**

Accordingly, **IT IS ORDERED**:

1. **Service on Respondents: The Clerk shall send a copy of the Petition for Writ of Habeas Corpus and a copy of this Order to the U.S. Attorney for the Western District of Texas; to the Director of U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; and to the Acting Director of U.S. Citizenship and Immigration Services Texas Service Center, U.S. Department of Homeland Security**.

2.      **Respondents' Answer**:  Respondents shall file an answer or other responsive pleading within twenty-eight (28) days after receipt of Petitioner's Petition pursuant to this Order.  Respondents shall address whether jurisdiction is barred by § 1252(a)(2)(B)(ii) and § 1158(d)(2).

3.      **Petitioner's Reply to Respondents' Answer**:  Petitioner shall file her reply to Respondents' answer or other responsive pleading within twenty-one (21) days after Respondents serve Petitioner with Respondents' answer or other responsive pleading.

4.      **Petitioner's Reply to this Order**:  Petitioner shall file her reply to this Order, addressing whether jurisdiction is barred by § 1252(a)(2)(B)(ii) and § 1158(d)(2), within twenty-eight (28) days from the entry of this Order.

5.      **Respondents' Reply to Petitioner's Reply to this Order**:  If Respondents wish to reply to Petitioner's reply to this Order regarding whether jurisdiction is barred by § 1252(a)(2)(B)(ii) and § 1158(d)(2), Respondents' reply shall be filed within twenty-one (21) days after Petitioner serves Respondents with Petitioner's reply to this Order.

6.      **Administrative Records**: Within the time for Respondents to file an answer or other responsive pleading, Respondents also shall file copies of any such administrative records as Respondents initially may determine may be required to adjudicate the issues raised by Petitioner's initial pleading, subject to a subsequent request by any party to supplement such records.

7.      **Case Referred to a U.S. Magistrate Judge for Report and Recommendation**: Habeas corpus petitions filed in this District are referred to a Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

8.      **Consent to Have Case Decided Before a U.S. Magistrate Judge**: Pursuant to 28 U.S.C. § 636(c) the parties may consent to have a case proceed and decided before a United States Magistrate Judge with final judgment entered by the Magistrate Judge.  Because of the District Court's very busy docket, the parties may wish to consent to have this case decided by a Magistrate Judge.  Within twenty-eight (28) days the parties **shall** file an advisory with this Court (using the attached form) stating whether the party consents to have this case proceed to final judgment before the undersigned Magistrate Judge or wishes to have this case proceed before a District Judge.

        **It is so ORDERED.**

        **SIGNED** on June 17, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

| | | |
|---|---|---|
| VERONICA HERNANDEZ-CHIRINOS, | § | |
| | § | |
| Petitioner | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. SA-11-CA-472-XR |
| JANET NAPOLITANO, Secretary of Dept. | § | |
| of Homeland Security, | § | |
| ALEJANDRO MAYORKAS, Director of | § | |
| Citizenship and Immigration Services, | § | |
| Dept. of Homeland Security, | § | |
| ANGELA BARROWS, Acting Director of | § | |
| Texas Service Center, Citizenship and | § | |
| Immigration Services, Dept. of | § | |
| Homeland Security, | § | |
| | § | |
| Respondents | § | |

## ADVISORY TO THE CLERK OF COURT

The undersigned party in the above captioned case elects as follows (please select only one of the following options):

☐ I Consent to Proceed Before A United States Magistrate Judge in accordance with provisions of 28 U.S.C. § 636. The undersigned party in the above captioned case waives the right to proceed before a United States District Judge and consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including rendering a decision, and to order the entry of final judgment. Any appeal shall be taken to the United States Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 636(c)(3).

☐ I Do Not Consent to Proceed Before A United States Magistrate Judge. The undersigned party in the above captioned case elects not to have this case decided by a United States Magistrate Judge, and prefers that this case proceed before the District Judge.

_____
Party Name

By: _____          _____
Signed by Attorney or Pro Se Party                              Date